IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 25 2016

BY
DEPUTY_____

| | |
|---|---|
| THE UNDERSIGNED PRISONERS<br>*Plaintiffs*<br>  VS.<br><br>TEXAS DEPARTMENT of<br>CRIMINAL JUSTICE;<br>TEXAS BOARD of<br>PARDONS and PAROLE;<br>TEXAS CORRECTIONAL INDUSTRIES; and<br>BRAD LIVINGSTON<br>*Defendants, in their Official and Individual Capacity* | 6:16-cv-1040<br><br>JURY TRIAL DEMANDED<br><br>RS/Love |

## ORIGINAL PETITION
## FOR CIVIL RELIEF AND DAMAGES

**TO THE HONORABLE JUDGE OF SAID COURT:**

  NOW APPEARS the undersigned prisoner (plaintiffs), in the above styled and numbered cause and files this original petition for civil relief and damages. Plaintiffs would respectfully show the following:

### I.
### Parties:

*Defendants*: Texas Department of Criminal Justice (TDCJ); Texas Board of Pardons and Paroles (TBPP); Texas Correctional Industries (TCI); Brad Livingston (Executive Director of TDCJ); and every member of the Board of TDCJ and every member of the Board of Pardons and Parole, in their official and individual capacities along with every member of the Board of Texas Correctional Industries, in their official and individual capacities.

*Plaintiffs*: are all of the undersigned prisoners, who are incarcerated in the Mark W. Michael Unit of the Texas Department of Criminal Justice, located at 2664 F.M. 2054; Tennessee Colony Texas, 75886.

### II.
### Jurisdiction

  Plaintiffs are residents of the State of Texas and have been for over 90 days. Plaintiffs are currently being subjected to an illegal scheme that deprives them of their labor/service and work product without due compensation. Plaintiffs are raising constitutional questions under both the 4th Amendment and 13th Amendment of the United States Constitution as well as a Federal issue under Title 18, United States Code §1589, including Federal Civil liability under Title 18, United States Code §1595.

Page 1 of 7

ORIGINAL PETITION FOR CIVIL RELIEF AND DAMAGES
THE UNDERSIGNED PRISONERS VS. TEXAS DEPARTMENT of CRIMINAL JUSTICE
                    TEXAS BOARD of PARDONS and PAROLE;
                    TEXAS CORRECTIONAL INDUSTRIES; and
                    BRAD LIVINGSTON

The violation of plaintiffs constitutional rights and U.S. Codes are alleged to have occurred or is occurring in the State of Texas by the way and use of color of law under §1983 contrary to the laws of both Texas and the United States of America. Plaintiffs are currently being housed in TDCJ's Mark W. Michael Unit located at 2664 F.M. 2054, Tennessee Colony, Texas 75886 - County of Anderson. Plaintiffs are currently within the jurisdiction of the Eastern District of Texas, Tyler Division.

### III.
### History

Texas is one of the few states or territories of the U.S that does not pay a viable wage for prisoner labor/service. Texas has recognized the need to pay prisoners for some types of labor/service associated with programs falling under the Federal Prison Programs Act and codified via Vernon's Texas Government Code 497.004 in its TCI Industry work programs. However, TDCJ has failed to offer any meaningful compensation to other prisoners. TDCJ has applied a Good Time/Work Time compensation plan in lieu of actual tangible tender. Unfortunately, this new compensation plan does not have any value. This compensation plan is not useful to purchase any goods or services within TDCJ, outside of TDCJ, nor can it be used to shorten a prisoner's sentence. In fact, Texas Legislature, the Department of Criminal Justice, or the Texas Board of Pardons and Paroles can remove good time/work time via various conduits. Texas Code of Criminal Procedures 42.24 even provides for the permanent removal of all Good Time/Work Time. TDCJ and/or TBPP even goes as far as to require - as a condition of release to Parole/Mandatory Supervision - that a potential parolee agree to sign a waiver of all rights and interests in any and all accrued Good Time/Work Time. This is not a voluntary relinquishment of property, but a mandatory requirement imposed by defendants before a parolee signs and agrees to parole/mandatory supervision requirements. Texas House Bill 1649 also authorizes the Texas Board of Pardons and Paroles as well as the Texas Department of Criminal Justice to not restore Good Time/Work Time on most Parole/Mandatory supervision violations (Tex. Gov. Code 508.150(d)).

### IV.
### Facts:

Plaintiffs are being subjected to a payment system for their labor/service and good behavior. However, this payment system is designed to falsely enrich the Texas Department of Criminal Justice, Texas Correctional Industries, its subdivisions, and/or minimize its operating cost by the inducement and use of a false flat currency. This new currency was created and codified by the Texas Legislature for the use and benefit of the Texas Department of Criminal Justice. TDCJ is the managing benefactor of this bill of credit/tender (i.e. *Good Time/Work Time*) as it actively promotes, creates, distributes, and maintains an accurate account of each and every plaintiff's credit. The Texas Legislature implemented this system as a method for compensating prisoners for their work time, to avoid direct violation of Title 18, United States Code §1589 (Forced Labor) by TDCJ as an agency of the State of Texas, and to promote a lower operating cost for the TDCJ. Such a system/scheme clearly represents a monetary value when associated with the production of goods and/or services whether they be sold, or used by TDCJ, or any other entity. As such, defendants are in violation of the U.S. Constitution Preamble Article1§10(I) whereby: "no state shall enter into a treaty, alliance, or confederation; grant letters of marquee and reprisal; coin money; emit bills of credit, make anything but gold or silver coin tender in payment of debts; pass any bills of attained/ex post facto law, or law impairing the obligation of contracts, or grant any title or nobility." The expressed intention and purpose of this TDCJ system is to pay a prisoner in Good

*Page 2 of 7*

ORIGINAL PETITION FOR CIVIL RELIEF AND DAMAGES
THE UNDERSIGNED PRISONERS VS. TEXAS DEPARTMENT of CRIMINAL JUSTICE
TEXAS BOARD of PARDONS and PAROLE;
TEXAS CORRECTIONAL INDUSTRIES; and
BRAD LIVINGSTON

Time/Work Time. However, there is no measureable value earned by a prisoner upon TDCJ's payment system. Slavery was abolished by the passage of the 13th Amendment of the United States Constitution and thus the United States of America is Free of slavery and involuntary servitude. Specific conditions do exist under the 13th Amendment for the enslavement or involuntary servitude of an individual as a punishment for a crime whereof a party shall have been duly convicted. However, herein plaintiffs have not been sentenced to slavery or involuntary servitude as a part of their sentence. Further, most people in the United States find the idea of a State sentencing an individual to this form of punishment to be repugnant and contrary to the evolving standards of decency that mark the progress of our maturing society. In addition, §2 of the 13th Amendment to the United States Constitution further defines that Congress shall have power to enforce this Article by appropriate legislations. Such legislation is clearly represented in Title 18, United States Code §1589. Slavery labor is defined as: work done by slaves, persons (such as political prisoners) forced to perform labor/service: any forced or paid labor. (Oxford American Dictionary pg. 858, 1980 Edition) Slave is defined as: (1) A person who is the property of another and obligated to work for him; (2) One who is dominated by another or by influence; a slave to duty; (3) A person compelled to work very hard for someone else; a drudge.

    Plaintiffs were not sentenced to slavery or involuntary servitude, but to confinement and/or restitution. Therefore, plaintiffs assert that defendants cannot arbitrarily change the pronounced sentence of the Trial Court for mere convenience, which is prejudicial to plaintiffs' interests to be free from forced labor/service. Title 18, United States Code §1589 specifically defines U.S. Statute and law regarding forced labor/service. TDCJ, its agents, or subordinates, including the Texas Board of Pardons and Parole, routinely strip and deprive prisoners (including herein named plaintiffs) of their Good Time/Work Time for an alleged violation of one or more rule infractions. These violations of rules are unadjudicated and are taken of property. If Good Time/Work Time was awarded an actual monetary value, as it should, its intentions and consequences of removal would be obvious. As per the 4th Amendment of the United States Constitution, it is illegal for a government entity to seize up the property of another without cause and due process.

    Plaintiffs contend and believe that this Court will determine that the above-described Good Time/Work Time system is nothing more than a scheme to induce compliance into performance, as prescribed by TDCJ and TBPP and/or their agents, in a coordinated effort to deceive the Citizens of Texas and its prisoner population. This system, and its illegality of depriving an individual of their work produce is clearly delineated in Title 18, United States Code §1589 Forced Labor Act. And, in accordance with Title 18, United States Code §1589 (a), a violation occurs when "Whoever knowingly provides or obtains the labor or services of a person by anyone, or by any combination of the following means: (1) by any means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process, or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or service, that person or another person would suffer serious harm or physical restraint."

## V.
### Application/Practice/Scheme:

    In a typical scenario, a prisoner is "processed" into the TDCJ system through various aptitude tests, sociology interviews, and classification reviews. A job is assigned to a prisoner. Upon assignment, a prisoner is required to submit to any required OSHA/Safety training and/or tasks specific educational training as TDCJ

*Page 3 of 7*

ORIGINAL PETITION FOR CIVIL RELIEF AND DAMAGES
THE UNDERSIGNED PRISONERS  VS.  TEXAS DEPARTMENT of CRIMINAL JUSTICE
                       TEXAS BOARD of PARDONS and PAROLE;
                       TEXAS CORRECTIONAL INDUSTRIES; and
                       BRAD LIVINGSTON

might require. A prisoner is then required to "turn out" for work when work is called. This "turn out" constitutes the accrual of Good Time/Work Time, or both, which is represented as a single number for every day the prisoner worked. Any prisoner who fails or refuses to work is prohibited from earning any amount of Good Time/Work Time until compliance with work requirements is made. The first disciplinary case for non-compliance involves the entry for a "minor case" in the prisoner's disciplinary record. Any subsequent offense(s) yields a "major case" which is a higher offense depriving a prisoner of one or more "privileges" whether that be recreational time outside of his cell, loss of Good Time/Work Time credits already earned, loss of visitation privileges, loss of the ability to purchase "commissary" items, loss of privilege to participate in Religious services, loss of phone privileges, loss of educational/vocational opportunities, etc. Additionally, violations may result in higher levels of confinement (segregation) as a punishment or a tool to compel compliance with work requirements. Further, refusal to work may even subject a prisoner to a transfer to another facility that is usually well beyond the normal distances for the prisoner's family members or friends to travel, thereby limiting contact with family and friends as an additional punishment or tool to compel compliance with work requirements. Escalation of a disciplinary case to a "major case" can and usually has the effect of reducing the prisoner's Good Time/Work Time credit. So, the rate being "paid" to the prisoner is reduced for some term, usually extending six (6) months or more. This reduction via a scheme/system known as reduction in "line class" certainly has a negative effect on a prisoner's ability to achieve a lower custody level via Parole/Mandatory Supervision; both of which are simply a continuation of custody/confinement with reduced restrictions.

    Conceivably, as promulgated by TDCJ and TBPP, Good Time/Work Time is used in the application of sentence reduction (Vernon's Tex. Gov. Code 508.150). For an illustration of the defendants unconstitutional application of Title 18, United States Code §1589, plaintiffs respectfully note the following: (1) In practice an individual sentenced to 10 years confinement in TDCJ would accumulate calendar time known as "flat time", Work Conduct Time known as "Work Time", and Good Conduct Time known as "Good Time". A typical time calculation would allow the number of years sentenced to be subtracted from the number of Good Time credits earned minus the number of Work Time credits earned equaling the total number of years remaining to be served on the original sentence[1]. Hence, this individual "could" be released on Parole or Mandatory Supervision (Mandatory Supervision means release without reporting to a parole officer). This release is now discretionary and there is no guarantee that such a prisoner would be released. And, certain offenses do not qualify for release via this calculation.

    Further, a release to parole or mandatory supervision is not, per se, liberty because an individual subject to release is *still under custody of the State* until the time has expired on their original sentence and every parolee is still subject to the rules, regulations, and policy changes of the TBPP (Tex. Gov. Code 508.143). Parole has no such published guidelines and a prisoner's release/transfer to parole is at the sole discretion of the

---

[1] *TDCJ's and TBPP's calculation for a 10 year sentence: EXAMPLES with consideration of Work & Good Time*
5 years (flat time)
- 2.5 years (Good Time)
-2.5 years (Work Time)
**10 years completed**

*Without consideration of Work & Good Time*
5 years (flat time)
- 2.5 years (Good Time)
-2.5 years (Work Time)
**5 years completed**

*ORIGINAL PETITION FOR CIVIL RELIEF AND DAMAGES*
*THE UNDERSIGNED PRISONERS VS. TEXAS DEPARTMENT of CRIMINAL JUSTICE*
    TEXAS BOARD of PARDONS and PAROLE;
    TEXAS CORRECTIONAL INDUSTRIES; and
    BRAD LIVINGSTON

*Page 4 of 7*

TBPP. Mandatory Supervision previously codified as Mandatory, now is Discretionary Mandatory Release and in effect, there is no value earned by either Good Time/Work Time credits. Currency, money, credits are all used to purchase things of value. There is nothing that can be purchased or demanded upon payment of Good Time/Work Time. Plaintiffs therefore contend that Good Time/ Work Time credits are being used as a false currency. Moreover, Tex. Gov. Code 508.150 (d) specifically delineates, "A parole panel may not use calendar time served and good time accrued by a prisoner that are used by the panel in determining when a judgment and sentence cease to operate."

The jobs required to be performed by prisoners vary in task/skill throughout the system. They include, but are not limited to: professional over the road trucking, requiring a class "A" Commercial driver's license; food production via various means of agriculture, food preparation, janitorial services clerical services and repair maintenance of equipment/vehicles/facilities. There are additional trade functions performed such as electrical, HVAC, plumbing, and other construction services; including the building of prisons by prisoners and road building for the Texas Department of Transportation, where available. TDCJ is believed to own the largest Cattle herd, Chicken stock, and Pig farms in the State of Texas. All operations are run-on the labor/service of prisoners. Notably, any and all job functions currently performed by prisoner labor/service would have to be purchased at market rates[2] and defendant's system is obviously designed to reduce TDCJ's operating costs, with an added benefit of generating income for TDCJ.

## VI.
### Summary:

Plaintiffs contend that TDCJ and TBPP cannot have it both ways. They cannot say, on one hand, that Good Time/Work Time is a valuable consideration, then, on the other hand, say that it has no value (upon request for exchange of other valuable consideration). Clearly, this is a hallmark characteristic of an illegal scheme to deprive one of their property via deception, coercion, and manipulation. Surely, anyone can see that both TDCJ and TBPP enjoy unconstitutional (absolute) authority over prisoners who have been confined to TDCJ and later via Parole/Mandatory release to the TBPP. Good Time/Work Time will not pay an assessment or restitution in a criminal judgment and Good Time/Work Time is clearly discretionary and arbitrarily applied as there are no, or insufficient, mandates related to the release of a prisoner after acquiring a specific combination or aggregate of flat time. And, the indiscriminate revocation of Good Time/Work Time, including legislative efforts to curtail the use of or entirely remove a prisoner's "labor/service or work product" without a commensurate compensation provided to the prisoner, clearly demonstrates the unconstitutional value and merit of the system/scheme. In fact, TDCJ's value of its reward system is so low that a prisoner cannot purchase basic necessity items, a candy cane, or even provide a fee of $3.00 for a medical co-pay (much less a $100.00 medical co-pay fee). Certainly, no party could argue that Good Time/Work Time credits have any measurable value or are, by any means, utilized to shorten a prisoner's time of confinement or incarceration. Parole/Mandatory supervision is simply the continuation of custody in another physical location within the scope, rules and confines of either TDCJ and/or TBPP. Hence, it is clearly an affront and, in fact, fraud of the same practices that are currently occurring within the confines of TDCJ/TBPP were implemented the public sector. An employee

---

[2] If labor/services were not being performed for free under the Good Time/Work Time scheme, fair wages for prisoner labor/services would be necessary to satisfy the requirements of Title 18, U.S.C.§1589.

ORIGINAL PETITION FOR CIVIL RELIEF AND DAMAGES
THE UNDERSIGNED PRISONERS  VS.  TEXAS DEPARTMENT of CRIMINAL JUSTICE
TEXAS BOARD of PARDONS and PAROLE;
TEXAS CORRECTIONAL INDUSTRIES; and
BRAD LIVINGSTON

Page 5 of 7

would simply promise payment, decide on what work was to be performed, command compliance, and then pay with its own paper or credit currency without any mechanism to redeem for any value. It behooves the government to put in and use an honest set of weights and measures for the payment of debts, and not use convenient excuses or schemes to defraud those which whom they represent. Former U.S. Supreme Court Justice Louis Branders wrote..."crime is contagious, especially when the government commits it." When the government breaks the law and defies the constitution, it sets the standard that makes it much easier for society to do the same. When governments and politicians show contempt for the law, it is a signal that everyone else can do it as well." (End the Fed, Ron Paul 163).

## VII.
### Request-Class Certification:

Plaintiffs request class certification as soon as practicable after the commencement of this action. A request for class certification must assert that the four requirements of Rule 23(a) are met and the class meets at least one of the three categories of Rule 23(b). <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct 2541, 2548 (2011)

One or more members of a class may sue as representative parties on behalf of the class if all the following requirements are met: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23 (a); <u>Ortiz v. Fibreboard Corp.</u>, 527 U.S. 815, 828 n.6 (1999); <u>Mullen v. Treasure Chest Casino, LLC</u>, 186 F. 3d 620, 623 (5th cir. 1999)

The court should grant plaintiffs request for class certification for the following reasons:

1. The class is so numerous that joinder of all members is impracticable. Fed. R. Civ. Proc. 23(a) (1); <u>Pederson v. LA.</u>, 213 F.3d 858, 868-60 & n.11 (5th Cir. 2000). Presently, there are more than 150,000 prisoners within the State of Texas who will be affected by this action and due to their incarceration as well as the restrictions placed upon them by the herein named defendants; joinder of all members is impracticable.
2. There are questions of law or fact common to the class. Fed. R. Civ. Proc. 23(a) (2). The class members have all suffered or will suffer the same injury. Specifically, plaintiffs are being subjected or will be subjected to the same illegal scheme which deprives them of their labor/service and work product without due compensation.
3. The claims of the proposed class representative are atypical of the claims of all of the class members. Fed. R. Civ. Proc. 23(a) (3). The undersigned prisoners have the same interests and have generally suffered the same type of injury as the rest of the class.
4. The undersigned plaintiffs will fairly and adequately protect the interest of the class. Fed. R. Civ. Proc. 23(a) (4). Class members are or will be subjected to the same injuries that the undersigned plaintiffs are being subjected too and the relief that the undersigned plaintiffs seek will remedy not only plaintiff's complaints, but those of the class as well. Moreover, the undersigned plaintiffs expect to be appointed with competent counsel who will represent the class.

The court should certify the class because prosecuting separate actions against individual class members would create a risk of adjudications for the individual class members that would be dispositive of the interests of the other members who are no parties to the adjudications or substantially impair or impede the

*ORIGINAL PETITION FOR CIVIL RELIEF AND DAMAGES*
*THE UNDERSIGNED PRISONERS VS. TEXAS DEPARTMENT of CRIMINAL JUSTICE*
    TEXAS BOARD of PARDONS and PAROLE;
    TEXAS CORRECTIONAL INDUSTRIES; and
    BRAD LIVINGSTON

*Page 6 of 7*

other members' ability to protect their interests. Fed. R. Civ. Proc. 23(b) (1) (B); In re Integra Realty Res. Inc, 354 F.3d 1246, 1263-64 & n.6 (10th Cir. 2004).

This court should certify the class because defendants have acted on grounds generally applicable to all proposed class members, so the final injunctive or declaratory relief is appropriate for the entire class. Fed. R. Civ. Proc. 23(b) (2).

WHEREFORE, this court should certify the class because the common questions of law or fact predominate over any questions affecting only individual members, and the class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. Proc. 23(b) (3). Specifically, the class members are not interested in individually controlling the prosecution of separate actions. Fed. R. Civ. Proc. 23(b) (3) (A).

## VIII.
### Prayer:

Plaintiffs humbly ***PRAY*** that this court ***GRANT RELIEF*** on the issues raised in this petition:

1) Issue **Declaratory Judgment** declaring that Title 18, United States Code §1589 (Forced Labor Act) prohibits defendants from obtaining labor or services from undersigned plaintiffs and all class members by force, coercion, threats or physical restraints;
2) Issue **Declaratory Judgment** declaring that Title 18, United States Code §1589 (Forced Labor Act) requires defendants to compensate its prisoners for any labor or services provided;
3) Issue a **Permanent Injunction** compelling TDCJ, TBPP, TCI, its subsidiaries, and subordinates to cease and desist from obtaining prisoners' labor or services by force, coercion, threats or physical restraints - unless upon the expressed written and voluntary consent to such labor or service;
4) **ORDER** and/or issue a **Permanent Injunction** compelling defendants to compensate all prisoners for any labor or services provided by placing money earned into the prisoners current Trust Fund Account;
5) **ORDER** and/or issue a **Permanent Injunction** compelling defendants to investigate, restore, and make compensation to all prisoners who had Good Time/Work Time removed either voluntarily on release or involuntarily for any cause for the previous ten (10) years; and
6) Issue any and all other **ORDERS** for **any and all relief** available and/or deemed necessary and proper to remedy the Constitutional and Statutory violations.

Plaintiffs file this petition for Civil Relief and Damages subject to the provisions and protection enumerated in the United States of America's Whistle Blower Act.

<u>Respectfully and Humbly Submitted</u>
*Undersigned Prisoner - Plaintiff*

Reginald O' Robinson
Printed Name:
TDCJ#: 1673891
TDCJ - Michael Unit
2664 F.M. 2054
Tennessee Colony, Texas 75886

*Page 7 of 7*

Ref # 168-74-0/54923

Mark W. Michael Unit
2664 F.M. 2664
Tennessee Colony, Texas 75886

U.S. Dept. of Justice
Civil Rights Division
Section Chief
Steven H. Rosenbaum
Special Litigation Section - PHB
950 Pennsylvania Ave. NW
Washington, DC. 20530

    I am presently incarcerated within the Texas Department of Criminal Justice (TDCJ). Accordingly, I receive "Good time/Work time" credits for good behavior and performing assigned labor and services for the TDCJ. TDCJ obtains prisoner labor and services for jobs that are highly skilled and sought free world jobs: Welder; Machine Operators; Painter; Livestock handler; Maintenance; Electrician; Plumber; Locksmith; Machine Repair; Food Service operations; Laundry operations; Clerical; Heating and A/C repairs; Automotive Repairs and Maintenance; to name a few.

    TDCJ does not honor United States Code §1589 regarding the payment of "Good Time/Work Time" credits. Furthermore, without any form of just compensation or due wage(s), TDCJ officials require me to perform laborious jobs and services by subjecting or threatening to subject me to various forms of punishments and physical restraints.

    According to the "Time Sheet" printout issued by TDCJ *(SEE ATTACHED)*, I have personally completed *more than half* % of my __11__ year/life sentence. In addition, I have been threatened to receive disciplinary punishments for failing or refusing to perform labor and services for the TDCJ. If I continue to refuse, I will be placed in segregation and lose "Good Time/Work Time" acquired for parole eligibility.

    The Texas Attorney General/Legislators allege that "only" certain prisoners' "Good Time/Work Time" credits count towards their early release, which is exclusively at the discretion of the Texas Parole Board members. All other Texas prisoners, like myself, receive a "Time Sheet" printout issued by TDCJ *(as attached)* for years of forced labor with the statutory Good Time/Work Time credits meaning *absolutely nothing.*

    Texas does not utilize any mathematical equation or any other fair system in order to calculate the percentage of time or flat time accumulated along with the earned "Good Time/Work Time" credits. The State of Texas promulgates laws that are disproportionately applied and impartial.

Also here's the number for my prior TDCJ number that was violated as well: 1173824

**Respectfully and Humbly
SUBMITTED**

*Reginald O' Robinson*
Printed Name:
TDCJ #: 1673891
Mark W. Michael Unit:
2664 F.M. 2054
Tennessee Colony, Texas 75886

*For further inquiry and arguments please read an interview at Houston Chronicle, www.tci.tfcj.state.tx.us, interviews with Texas prisons.*

Page 1 of 1

Name: _____        Date: ~~XXXXXXX~~
Address: _____
_____

Contact info: _____
_____

**RE:** *Revision of Statutory law that abolishes Texas Government Code §498.003*

**TO WHOM IT MAY CONCERN:**

Please accept this as a request for you to draft a Bill/Proposal that would abolish Texas Government Code §498.003. We request that you send us a copy of said proposal so that we can place it on the ballot as a proposition for the next statewide election.

The present law reads: " Good conduct time applies only to eligibility for parole or mandatory supervision as provided by 508.145 or 508.147 and does not otherwise affect an inmate's term. Good conduct time is a privilege not a right."

We believe that this law must be **CHANGED** and we would like for it to read as follows; however, we lack the necessary knowledge that would allow it to be presented to the Texas Legislature:

*"The department shall establish a policy regarding the monetary payment of inmates for their labor or services provided as well as good conduct time that not only applies to parole eligibility and mandatory supervision, but also reduces the term of their sentence."*

Thus, we humbly and respectfully request your expertise in this matter.

Thank you in advance for your prompt assistance and reply.

Sincerely,

*Reginald O' Robinson*
Printed Name:

※ This is for you David in support of my legal cause if you can keenly understand this state of preposition.

Reginald O' Robinson # 1673891
michael unit
2664 fm 2054
Tennessee colony, TX. 75886

Clerk (David J. Maland)
united states District court
300 willow street, suite 104
Beaumont, TX. 77701-2217

Legal

CLERK US DISTRICT COURT
RECEIVED
JUL 25 2016
EASTERN DIST. OF TEXAS
BEAUMONT, TEXAS

Name: Reginald Robinson
Number: 1673891

Address: Michael unit
2664 FM 2054
Tenn. colony, TX. 75886

Date: 7/18/16

*CLERK, U.S. DISTRICT COURT RECEIVED JUL 25 2016 EASTERN DIST. OF TEXAS BEAUMONT, TEXAS*

RE: writ filed (to favorite clerk)

Dear clerk,

A David, I'd like to possibly file this, the proper forms to file as a pauper should be inside, also, I would like for you to please scam through, if I should not take part in class act, please void, I do not know or have the slightest clue how to go about this. I do agree that the system has wronged me but it is long over due.

Sincerely,
Reginald Robinson
#1673891

## Initial Civil Case Assignment (Random)

Case 6:16-cv-01040 has been randomly assigned to:
presiding Judge Robert W. Schroeder, III from deck Tyler - General Civil Deck
referral Judge John D. Love from deck Tyler - Civ Mag Referral

Assign another case (Random)?