IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| REGINALD O. ROBINSON, #1673891 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1040 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Reginald Robinson ("Robinson"), a prisoner confined at the Michael Unit within the Texas Department of Criminal Justice ("TDCJ"), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the lawsuit.

**I. Robinson's Complaint**

In his complaint, Robinson complains that Texas inmates are forced to work without compensation of value. He maintains that TDCJ subjects inmates "to a payment system for their labor/service and good behavior," which is a system designed to "enrich" TDCJ. He admits that TDCJ provides good time and work time compensation; however, he contends that the compensation has no tangible or monetary value and that inmates are frequently punished for refusing to work. Robinson further highlights how he is not a slave and that the Constitution abolished involuntary servitude.

**II. Legal Standards and Analysis**

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its

review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex.—San Antonio, May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability

standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Bell*, 550 U.S. at 556 (emphasis supplied).

Robinson's complaint is frivolous. His first constitutional claim is based on the Thirteenth Amendment. Section 1 of the Thirteenth Amendment states the following:

> Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

The Fifth Circuit has repeatedly rejected similar lawsuits based on the Thirteenth Amendment by Texas inmates who complain that they are not paid or compensated for their work product. *See Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006) ("Compelling an inmate to work without pay does not violate the Constitution."); *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001) ("This appeal leads us to reiterate that inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work."). Accordingly, because requiring an inmate to work without pay is not a constitutional violation, Robinson's complaints about involuntary servitude and slave labor are frivolous.

Robinson also alleges that requiring inmates to work violates the Forced Labor Act, 18 U.S.C. § 1589. Section 2 of the Thirteenth Amendment provides that "Congress shall have the power to enforce this article by appropriate legislation." The Forced Labor Act was "passed pursuant to Congress's powers under the Thirteenth Amendment . . . to outlaw modern manifestations of slavery and involuntary servitude." *See Joseph v. Signal International L.L.C.*, No. 1:13-CV-324, 2015 WL 1262286 at *1 (E.D. Tex. Mar. 17, 2015). Statutes passed pursuant to Section 2 do not apply to work specifically excepted by Section 1 of the Thirteenth Amendment. Therefore, this claim is also without merit.

Furthermore, Robinson insists that inmates are threatened with disciplinary action—which frequently results in the loss of privileges, such as commissary, line, recreation time, good time, and even transfers to distant prisons—if they do not work. He asks the Court to issue an injunction requiring TDCJ and others "to cease and desist from obtaining prisoners' labor or services by force, coercion, threats, or physical restraints—unless upon the expressed written and voluntary consent to such labor or service." Robinson also seeks an injunction compelling TDCJ to monetarily compensate inmates for their work.

However, the Fifth Circuit has held that the "refusal to work, by a group or even a single inmate, presents a serious threat to the orderly functioning of a prison. Any unjustified refusal to follow the established work regime is an invitation to sanctions." *See Mikeska v. Collins*, 900 F.2d 833, 837 (5th Cir. 1990), modified, 928 F.2d 126 (5thCir. 1991). This claim is also frivolous.

The bulk of Robinson's claim concerns good time and work time. Among other things, he seeks a permanent injunction "compelling defendants to investigate, restore, and make compensation all prisoners who had good time/work time removed either voluntarily on release or involuntarily for any cause for the previous ten (10) years." Good conduct time and work time relate to potential release on parole or mandatory supervision. However, there is no protected liberty interest in previously earned good-time credits when an inmate is not eligible for mandatory supervision. *See Stewart v. Crain*, 308 Fed.App'x 748, 750, 2009 WL 166700 *2 (5th Cir. 2009) ("Because Stewart is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutional protected liberty interest in previously earned good-time credits.").

Here, prison records show that Robinson is not eligible for release on mandatory supervision because he is serving a sentence for aggravated assault with a deadly weapon, which is a first-degree felony and thus an offense not eligible for mandatory supervision. *See* Tex. Gov.

Code § 508.149(a)(7) (2009); *see also* Tex. Penal Code § 22.02(b)(1) (2009). Consequently, because Robinson is not eligible for mandatory supervision, he has no protected liberty interest in any loss of good-time credits.

Furthermore, any loss of good-time credits serves only to affect Robinson's possible release on parole— insofar as Texas law provides that the sole purpose of good-time credits is to accelerate eligibility for release on parole or mandatory supervision. *See* Tex. Gov. Code §498.003(a). The Fifth Circuit has expressly held that there is no constitutional right to release on parole in the state of Texas. *See Williams v. Dretke*, 306 Fed. App'x 164, 166 (5th Cir. 2009) ("Texas prisoners have 'no constitutional expectancy of parole' and, thus, any effect that the punishment had on Williams's parole eligibility could not support a constitutional claim."); *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

Under these circumstances, the loss of good-time credits do not affect a constitutional, but only the "mere hope" of release on parole. However, this hope is not protected by due process. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Accordingly, because he is not eligible for release on mandatory supervision and there is no constitutional right to parole or early release, Robinson does not have a protected liberty interest in good time or earned work time. *See Bagby v. Karriker*, 539 F.App'x 468, 469 (5th Cir. 2013) ("Because Bagby was ineligible for release on mandatory supervision, the district court did not err in finding that Bagby failed to state a due process claim with respect to the loss of his good-time credits."). All of Robinson's claims are frivolous because they lack basis in law and fact.

Robinson is hereby warned that the decision dismissing his civil rights claims as frivolous counts as a strike for purposes of § 1915(g). He is a cautioned that once he accumulates three strikes, he may not proceed IFP either in any civil action or in any appeal of a civil action which is filed while he is incarcerated or detained in any facility—unless he is under imminent danger of serious physical injury.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Robinson's civil rights lawsuit be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915A(b)(1).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 26th day of March, 2018.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE